# HAMILTON INSURANCE COMPANY v. TATE
## Case No. 83-363 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
June 26, 1984

### APPEARANCES OF COUNSEL

**Jon Derrevere** for appellant.

**Robert Switkes** for appellee.

Before LANTZ, KAYE and SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

We are asked to review a Final Judgment awarding the sum of Four Thousand Two Hundred Twenty Five ($4,225.00) Dollars plus costs

and attorney's fees which judgment was rendered against Hamilton Insurance Company, the Appellant herein, and one of the two Defendants below. For the reasons set forth herein, the judgment is reversed.

On October 21, 1981, Appellee, Tate, purchased a policy of insurance covering collision and comprehensive loss to his vehicle. Tate financed the premium through Capital Premium Plan, Inc., a defendant below. Tate designated Capital as Tate's attorney in fact and gave Capital the power to cancel the policy in the event of default in payment on any installment due Capital by Tate.

Tate failed to make the payment due on November 25, 1981. On December 2, 1981, Capital notified Tate of its intent to cancel the policy unless payment was received by Capital within ten (10) days from the date of mailing of the cancellation notice. Tate apparently obtained a money order and mailed same to Capital on December 3, 1981. On December 22, 1981, Capital sent a notice of cancellation to Hamilton setting the cancellation date as December 23, 1981. The policy was cancelled on December 24, 1981.

On December 31, 1981, Tate was involved in an automobile accident which resulted in damage to his vehicle. He brought suit against Capital and Hamilton alleging his policy of insurance was improperly cancelled and he was entitled to coverage under the policy. The case was tried non-jury and resulted in judgment against Hamilton in favor of Tate in the sum previously mentioned plus attorney's fees of Seven Thousand ($7,000.00) Dollars and costs of Eighty One and 50/100 ($81.50) Dollars. The lower Court stated the judgment against Hamilton was dispositive of the rights of all parties and found no liability against Capital Premium Plan Inc.

This appeal by Hamilton seeks reversal of the lower Court's judgment insofar as the award against Hamilton is concerned. No cross appeal was filed relating to Capital.

Tate relies upon Section 627.728(3)(a) Florida Statutes in support of his position. That section provides, in part, as follows:

"No notice of cancellation of a policy *to which this section applies* shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured's insurance agent at least forty five (45) days prior to the effective date of cancellation, except that, when cancellation is for non-payment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefore shall be given. . ." (Emphas supplied).

This subsection of Chapter 627 is inapplicable to the instant case. The Notice provision applicable is Section 627.848 Florida Statutes which specifically deals with cancellation of insurance contracts upon default when dealing with premium finance companies. Section 627.848(1) provides:

> "Not less than ten days' written notice shall be served upon the insured or insureds shown on the premium finance agreement of the intent of the premium finance company to cancel his or their insurance contract or contracts unless the default in installment payment is received within ten days."

Said notice was properly sent by Capital in the instant case. Subsection 2 of that section provides:

> "After expiration of such period, the premium finance company shall mail to the insurer a request for cancellation, specifying the effective date of such cancellation and the unpaid premium balance due under the finance contract, mailing a copy to the insured at his last known address as shown on the premium agreement."

Capital notified Hamilton after the ten day period to cancel Tate's policy. Hamilton, relying upon Capital's authority as attorney in fact for Tate, cancelled the policy. Section 627.848(4) provides:

> "Upon receipt of a copy of such cancellation notice by the insurer or insurers the insurance contract shall be cancelled with the same force and effect as if the aforesaid notice of cancellation had been submitted by the insured himself, without requiring any further notice to the insured or the return of the insurance contract or contracts."

Hamilton acted properly in reliance upon the aforequoted subsection of the Statute. *Prudential Prop. and Casualty Ins. Co. v. Safeguard Mutual Ins. Co.*, 528 F. Supp. 709 (US Dist. Ct. E. Dist. PA 1981).

In reversing the lower Court's judgment pertaining to Hamilton, this Court would note that Capital's actions might have been improper; however, since Capital was not made a party before this Court, this Court will not review the lower Court's judgment in favor of Capital.

For the reasons set forth herein, the judgment in favor of Tate and against Hamilton is reversed. This matter is remanded to the lower Court with instruction to enter Final Judgment in favor of appellant, Hamilton.

It is so Ordered.